UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOANNA MARIE KINNEY,<br><br>                 Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | CASE NO. C24-1331-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits.[1] He contends the ALJ harmfully erred by not properly reevaluating the 2017 and 2019 opinions of examining psychologist Jenna Yun, Ph.D., and of examining physician John Abano, M.D.[2] Dkt. 12. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

---

[1] The Court refers to plaintiff according to his preferred pronouns of he/him. Tr. 2098. Plaintiff's gender identity has not affected the decision's analysis or conclusions.

[2] Although the ALJ and the parties refer to Dr. "Albano," it is clear that the physician's surname is "Abano." Tr. 1241; *see, e.g.*, https://phppd.providence.org/BaseSearch/Provider/View/23860690964704 (last accessed Mar. 13, 2025). Although plaintiff refers to Dr. Abano as a treating physician, Dkt. 12, at 12, it is also clear that Dr. Abano was an examining physician completing an evaluation for DSHS. Tr. 1239–41.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 1

**BACKGROUND**

Plaintiff is currently 39 years old, completed two years of college, and has worked as a store laborer, a hand packager, and a computer programmer. Tr. 136, 503, 2152. In April 2016, he applied for benefits, alleging disability as of March 31, 2012. Tr. 418, 438. His applications were denied initially and on reconsideration. Tr. 223, 228, 233. Subsequently, an ALJ's unfavorable 2018 decision was reversed and remanded by the Appeals Council; and an ALJ's unfavorable 2021 decision was reversed and remanded by the Western District of Washington. Tr. 218–19 (Appeals Council's 2020 Order), 2201–12 (Western District of Washington's 2022 Order) (hereinafter "2022 Remand Order"); *see* Tr. 12–42 (ALJ's 2021 decision), 194–215 (ALJ's 2018 decision).

The ALJ conducted a hearing in March 2024 and issued an April 2024 decision. Tr. 2098–131, 2132–60. On remand, the ALJ was directed, *inter alia*, to reevaluate Dr. Yun's 2017 and 2019 opinions, as well as Dr. Abano's 2017 examining opinion with respect to mental impairments. Tr. 2098, 2207–12. The ALJ determined that plaintiff met the insured status requirements through June 30, 2020, and has not engaged in substantial gainful activity since the alleged onset date of March 31, 2012. Tr. 2100. The ALJ found that plaintiff has the severe impairments of bipolar disorder, generalized anxiety disorder, ADHD, sleep apnea, obesity, cervicalgia, migraine, right sacroiliac arthropathy, and fibromyalgia. Tr. 2101. The ALJ rejected Dr. Yun's and Dr. Abano's conclusions that plaintiff has marked limitations in particular mental health domains. Tr 2017–20. The Court found plaintiff to be no more than moderately limited in those domains and the concerns of Drs. Yun and Abano were adequately addressed in the assessed residual functional capacity ("RFC"). *Id.* In addition to physical restrictions, the Court assessed non-exertional limitations in the RFC, including that plaintiff can understand,

remember, and carry out simple instructions and tasks and use judgment to make simple work-related decisions; he cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas; he can deal with only rare changes in the work setting and not have contact with the public; he can work in proximity to but not in coordination with co-workers; and he can have occasional contact with supervisors. Tr. 2106. The ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy: electrical accessory assembler, small parts assembler, and router. Tr. 2122. The ALJ therefore concluded that plaintiff has not been disabled. Tr. 2123. The current appeal followed and the ALJ's decision is the Commissioner's final one.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in reevaluating the examining opinions of Drs. Yun and Abano on remand. For cases filed before March 2017, as this one was, the ALJ should generally give more weight to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, an ALJ may reject a treating or examining doctor's opinion only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, an ALJ may reject a treating or examining doctor's opinion only by giving

"specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his or her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The Court finds that the ALJ discounted the examining opinions of Drs. Yun and Abano by citing specific and legitimate reasons supported by substantial evidence. Plaintiff therefore has not demonstrated that the ALJ failed to support the decision with substantial evidence or harmfully misapplied the law in reevaluating the examining opinions of Drs. Yun and Abano.

1. **2017 and 2019 Opinions of Dr. Yun**

In reversing and remanding another ALJ's 2021 decision, the Court directed the ALJ to reevaluate Dr. Yun's 2017 and 2019 opinions and to reassess the RFC as warranted by further consideration of the evidence. Tr. 2210. Plaintiff contends that the ALJ did not adequately reevaluate Dr. Yun's 2017 and 2019 examining opinions such that the decision is unsupported by substantial evidence and constitutes harmful misapplication of the law. The Court disagrees.

In 2017, Dr. Yun opined that plaintiff was mildly or moderately impaired in his ability to perform basic work activities in 11 of 13 mental domains. Tr. 1244–45. Dr. Yun opined that plaintiff was markedly impaired in 2 domains: performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; and completing a normal work day and work week without interruptions from psychologically based symptoms. *Id.* Nonetheless, Dr. Yun opined that the overall severity based on the combined impact of all diagnosed mental impairments was moderate. Tr. 1245. Dr. Yun concluded that plaintiff would be impaired with available treatment for 9 to 12 months. *Id.* After

administering a mental status exam, Dr. Yun noted that plaintiff was not within normal limits in 2 of 8 domains: memory because plaintiff could recall only 1 of 3 words after a five-minute delay; and concentration because plaintiff demonstrated a digit span of 5 forward and 3 backward, though he was able to complete serial 3's up to 30 without error and could spell WORLD forward and backward. Tr. 1246. Dr. Yun noted, however, "there were indications of malingering and exaggeration of problems on the Personality Assessment Inventory (PAI). As such, the validity of the PAI is questionable and the interpretation of the PAI should be used as an indication of self-description only." *Id.*

The ALJ gave Dr. Yun's 2017 partial weight. Tr. 2117. The ALJ noted that plaintiff's mental status examinations reflected symptoms that are moderate at worst. *Id.* (citing to extensive treatment notes); *see, e.g.*, Tr. 666 (December 2015 mental health treatment notes in which mental status exam showed within normal limits in all domains). The ALJ found that treatment records showed that plaintiff's concentration and attention span were generally good. Tr. 2117 (citing to extensive treatment notes); *see, e.g.*, Tr. 676 (February 2016 mental health treatment notes in which mental status exam showed "attentive" attention and concentration and "grossly intact cognitive functioning and good memory"). The ALJ noted that plaintiff generally was reported to be alert and appropriately oriented. Tr. 2118 (citing to extensive treatment notes); *see, e.g.*, Tr. 694 (March 2016 mental health treatment notes in which mental status exam showed "Behavior was appropriate during interview, cooperative, friendly, and engaging, normal attention, focus, and activity levels"). The ALJ determined that plaintiff's impairments in concentration, memory, and impaired insight and judgment would be adequately accommodated by limiting plaintiff to understanding, remembering, and carrying out simple instructions and tasks and using judgment make simple work-related decisions. Tr. 2118. To accommodate

plaintiff's stress and mood difficulties, as well as to minimize issues with impaired insight and judgment, the ALJ determined that plaintiff cannot work in an environment requiring a specific production rate (such as assembly line work or work requiring hourly quotas). *Id.* To further accommodate issues with adapting or managing oneself or with memory, the ALJ limited plaintiff to work with only rare changes in the work setting. *Id.* To accommodate plaintiff's reported issues of getting along with others, the ALJ limited plaintiff to occasional interaction with co-workers and supervisors and no interaction with the public. *Id.* In doing so, the ALJ sought to craft a limitation that accounted for plaintiff's ability to interact with friends and family, his report that he has no problem getting along with authority figures, and his on-going, part-time work 20 hours a week at a grocery store, shopping for online orders and bagging the groceries for the orders he shops. *Id.* Although plaintiff spent 30 to 45 minutes in a 5-hour shift speaking to customers and preferred not to speak to customers at all, plaintiff also acknowledged being able to work through that anxiety by focusing on tasks and, despite allegations of an incapacity to be in close proximity to others, traveling by plane to Wisconsin. *Id.*; *see* Tr. 2142–43. The Court finds that the ALJ cited specific and legitimate reasons supported by substantial evidence for discounting Dr. Yun's 2017 opinion and assessing plaintiff with no more than moderate mental limitations.

Plaintiff contends that the ALJ violated the scope of the remand by offering the same reasons for discounting Dr. Yun's 2017 opinion that were earlier rejected. According to plaintiff, the ALJ "did not explain which aspects of Dr. Yun's opinion he adopted and which he rejected." Dkt. 12, at 4–5. The Court disagrees with this characterization of the ALJ's decision. While the ALJ's 2021 decision rejected Dr. Yun's 2017 opinion with a string citation to numerous mental status examinations, the 2024 ALJ's decision was careful to address the ways in which plaintiff's

mental status exams, treatment notes, testimony, and daily activities suggested that he was less limited than Dr. Yun's opinion implied and indicated how the RFC had been crafted to account for the severity of plaintiff's mental limitations. *Compare* Tr. 32–33 *with* Tr. 2117–18. Contrary to plaintiff's assertion, the decision indicates that the ALJ rejected the opined marked mental limitations and also accommodated the mild and moderate limitations in the RFC assessment. Tr. 2117–18. Moreover, it should be noted that Dr. Yun herself opined that the overall severity of plaintiff's mental limitations was moderate, that the limitations would last only between 9 and 12 months, and that there was evidence of plaintiff malingering in the PAI test. Tr. 1245, 1246.

In 2019, Dr. Yun opined that plaintiff was mildly or moderately impaired in his ability to perform basic work activities in 11 of 13 mental domains. Tr. 1971–72. Dr. Yun opined that plaintiff was markedly impaired in two domains: maintaining appropriate behavior in a work setting;[3] and completing a normal work day and work week without interruptions from psychologically based symptoms. *Id.* Notably, whereas in 2017 Dr. Yun opined that plaintiff was markedly impaired in performing activities within a schedule, maintaining regular attendance, and being punctual, Tr. 1244, in 2019 she opined that plaintiff had no more than a mild limitation in that mental domain, Tr. 1971. As before, Dr. Yun opined that the overall severity based on the combined impact of all diagnosed mental impairments was moderate. Tr. 1972. Dr. Yun opined that plaintiff would be impaired for 12 months and that vocational training or services would partially minimize or eliminate barriers to employment, stating that plaintiff "may benefit from employment services due to lack of recent work experience and should be encouraged to seek part-time employment with on-going mental health support." *Id.*

---

[3] In 2017, Dr. Yun opined that plaintiff had only a moderate impairment in maintaining appropriate behavior in a work setting. Tr. 1245.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 7

The ALJ gave "no weight" to the 2019 opinion because it was based on a single, brief exam for non-treating purposes and because Dr. Yun did not review any of the records before conducting and completing the mental examination; and gave "some weight" to the opinion to the extent that plaintiff's mental functional levels were consistent with the assessed RFC. Tr. 2120. Although plaintiff suggests that it was reversible error to give both "no weight" and "some weight" to Dr. Yun's 2019 opinion, any such error was harmless. It is clear that the ALJ gave weight to Dr. Yun's 2019 opinion only to the extent it was consistent with the assessed RFC. As with Dr. Yun's 2017 opinion, the ALJ discounted plaintiff's subjective testimony and Dr. Yun's 2019 opinion because the opined marked mental limitations was inconsistent with mental status examinations, activities of daily living, and the contemporaneous testing. Tr. 2120. The ALJ found that the evidence supported no more than moderate mental limitations, and that these limitations were accounted for in the RFC assessment by limiting plaintiff to understanding, remembering, and carrying out simple instructions and tasks, using judgment to make simple work-related decisions, precluding work requiring a specific production rate, dealing with only rare changes in the work setting, having no contact with the public, working in proximity to but not in coordination with co-workers, and having no more than occasional contact with supervisors. The Court finds that the ALJ cited specific and legitimate reasons supported by substantial evidence for discounting Dr. Yun's 2019 opinion and assessing plaintiff with no more than moderate mental limitations.

Plaintiff contends that the ALJ violated the scope of the remand by offering the same reasons for discounting Dr. Yun's 2019 opinion that were earlier rejected, as well as failing to specify which aspects the ALJ accepted and rejected. The Court disagrees with this characterization of the ALJ's opinion. The 2024 ALJ decision was more detailed than the 2021

1  ALJ's decision in its discussion of Dr. Yun's 2019 opinion and set forth specific and legitimate

2  reasons for discounting the marked limitations, particularly read within the context of the

3  discussion of the other evidence. *Compare* Tr. 32–33 *with* Tr. 2117–18.

4      The Court finds that plaintiff has not demonstrated that the ALJ harmfully erred as a

5  matter of fact or law with respect to discounting Dr. Yun's 2017 and 2019 opinions.

6      2.  **2017 Opinion of Dr. Abano**

7      Plaintiff contends that the ALJ failed to provide adequate reasons to discount examining

8  physician Dr. Abano's opinion that plaintiff suffered from mental impairments that markedly

9  affect his ability to perform basic work-related activities. The Court disagrees.

10      In September 2017, Dr. Abano filled out a physical functional evaluation in which he

11  opined that plaintiff had a marked impairment due to bipolar disorder and a moderate impairment

12  due to fibromyalgia. Tr. 1240. In the 2022 Remand Order, this Court found that the prior ALJ

13  had adequately addressed the physical limitations assessed by Dr. Abano but had failed to

14  discuss the mental limitations. Tr. 2212. On remand, the current ALJ rejected the severity of the

15  mental limitations assessed by Dr. Abano for the same reasons he set forth with respect to

16  discounting Dr. Yun's opinions: plaintiff's mental status exams, treatment records, and activity

17  levels. Tr. 2119. As discussed earlier with respect to Dr. Yun's opinions, the ALJ stated specific

18  and legitimate reasons supported by substantial evidence for rejecting Dr. Abano's opinion

19  regarding mental limitations.

20      Plaintiff has failed to demonstrate that the ALJ harmfully erred as a matter of fact or law

21  by rejecting Dr. Abano's assessment that plaintiff suffered from marked mental limitations.

22

23

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 9

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of March, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge